IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| D'Andrae Edwards, | ) | C/A No.: 1:25-6259-JDA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| State of South Carolina, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

D'Andrae Edwards ("Petitioner"), proceeding in forma pauperis, filed this petition for a writ of habeas corpus, which has been construed as brought pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.    Procedural and Factual Background

Petitioner is a pretrial detainee in the Berkeley County Detention Center. [ECF No. 1]. Petitioner does not present factual allegations, but he appears to be challenging the prosecutor's conduct related to Petitioner's criminal charges in state court. He states he seeks an order to compel discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 3. On July 23, 2025, the undersigned issued an order advising Petitioner of the

deficiencies of the petition and permitting him until August 13, 2025 to file an amended petition. [ECF No. 10]. Petitioner filed no response.

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Habeas Analysis

Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. *Dickerson*, 816 F.2d at 227.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine

3

when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner alleged he is being detained on pending state charges in his motion for bond. The second part of the test is met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner can pursue his claims related to his criminal case in state court. Accordingly, Petitioner's petition is subject to summary dismissal. *See Younger*, 401 U.S. at 43–44.

2.     Analysis Pursuant to 42 U.S.C. § 1983

Although Petitioner titles his petition as one for habeas corpus, he mentions § 1983 in his first paragraph. [ECF no. 1 at 1]. However, he does

4

not provide factual allegations to support a claim for relief pursuant to § 1983. Further, release from jail is a remedy sounding in habeas and not as a remedy in a § 1983 case. Finally, to the extent Petitioner wishes to bring a claim against the prosecutor in his state criminal case, his case would still be subject to summary dismissal. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

III.    Conclusion and Recommendation

For the following reasons, the undersigned recommends this matter be summarily dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 18, 2025                                Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).